IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSE JACOBO ESCOBAR,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL; MICHAEL SAMANIEGO, DISTRICT DIRECTOR DHS-ICE; WILLIAM LOTHROP, WARDEN, HONOLULU FEDERAL DETENTION CENTER,<br><br>　　　　Respondents.<br>_____ | CIVIL NO. 16-00683 LEK-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

FINDINGS AND RECOMMENDATION TO DENY PETITION FOR
A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241[1]

Before the court is Petitioner Jose Jacobo Escobar's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Petitioner alleges that his continued detention violates federal law and his constitutional rights. Respondents filed their Response to the Petition on January 27, 2017. ECF No. 11. Petitioner filed his Reply on January 31, 2017. See ECF No. 12. Pursuant to Local Rule 7.2(d), the Court elects to decide the Petition without a hearing. After careful consideration of the submissions of the parties and the relevant

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

legal authority, the Court FINDS AND RECOMMENDS that the Petition be DENIED.

## BACKGROUND

Petitioner, a citizen of Honduras, entered the United States without inspection in 1993. See ECF No. 11-1, Written Decision and Order of the Immigration Judge, Sept. 21, 2012, at 3. In 2007, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(I) for being present in the United States without being admitted or paroled. Id. Petitioner appeared with counsel at hearings before the Immigration Judge ("IJ") on May 19, 2008, and June 30, 2008. Id. at 3-4. At the hearing on June 30, 2008, the IJ set an individual hearing for May 13, 2009, and provided Petitioner and his attorney with written and oral notice of the hearing. Id. at 4.

Petitioner did not appear for his scheduled hearing on May 13, 2009, although his attorney did. Id. Petitioner's attorney conceded that Petitioner had received notice of the hearing. Id. The IJ issued an *in absentia* order, finding that DHS established by clear, unequivocal, and convincing evidence that written notice was provided and that Petitioner was removable. Id. The IJ ordered him removed to Honduras. Id.

Petitioner filed a timely appeal of the *in absentia* order with the Board of Immigration Appeals ("BIA") and a motion

to reopen the removal proceedings.  Id. at 4-5.  The BIA remanded the case twice, but ultimately agreed with the IJ that Petitioner received proper notice of the date, time, and location of his hearing, rejected Petitioner's challenge to the *in absentia* removal order, and affirmed the IJ's denial of the motion to reopen the removal proceedings.  Id. at 5; ECF No. 11-2, Decision of the BIA, July 22, 2014.

Petitioner filed a petition for review of the BIA's decision with the Ninth Circuit and motion for stay of removal. Escobar v. Lynch, 648 F. App'x 744 (9th Cir. 2016).  The Ninth Circuit granted the unopposed motion for a stay of removal and issued a stay until issuance of a mandate or further order of the court.  Escobar v. Lynch, No. 14-72402, Docket No. 8 (9th Cir. Aug. 29, 2014).  The Ninth Circuit denied Petitioner's petition for review and affirmed the BIA's decision after finding that Petitioner's motion and supporting evidence did not establish prima facie eligibility for relief from removal.  Escobar v. Lynch, 648 F. App'x at 745.

DHS took Petitioner into custody on October 26, 2016, after the Ninth Circuit decision denying the petition for review became final.  ECF No. 11-3, ICE Form I-830E, Notice to EOIR; ECF No. 11-4, Mandate, Escobar v. Lynch, No. 14-72402 (9th Cir. Sept. 22, 2016).  On the next day, Petitioner filed a new motion to reopen the removal proceedings with the BIA, and requested that

the BIA stay his removal.  ECF No. 11-5, Decision of the BIA, Dec. 7, 2016; ECF No. 11-6, Decision of the BIA, Nov. 8, 2016. The BIA denied Petitioner's request to stay his removal on November 8, 2016, and denied his motion to reopen proceedings on December 7, 2016.  ECF Nos. 11-5, 11-6.

Petitioner filed a new petition for review with Ninth Circuit on December 14, 2016, challenging the BIA's decision denying his second motion to reopen proceedings.  Escobar v. Lynch, No. 16-73904, Docket No. 1 (9th Cir. Dec. 14, 2016). Petitioner also filed with the Ninth Circuit another motion to stay his removal.  Escobar v. Lynch, No. 16-73904, Docket No. 4 (9th Cir. Dec. 15, 2016).  By operation of Ninth Circuit General Order 6.4(c)(1)(3), a temporary stay of removal is in effect pending further order of the Ninth Circuit.  Escobar v. Lynch, No. 16-73904, Docket No. 7 (9th Cir. Dec. 16, 2016).  The government's response to Petitioner's motion to stay removal is due on March 10, 2017.  Id.  This petition for review, and briefing on the stay motion, remains ongoing.  Id.

On December 6, 2016, Petitioner received written notice from DHS that his custody status would be reviewed on or about January 23, 2017.  See ECF No. 1-1, Notice to Alien of File Custody Review.  Petitioner was informed that he or his attorney could submit any documentation that he wished to be reviewed in support of his release.  Id.

On December 30, 2016, Petitioner filed the present Petition for a Writ of Habeas Corpus asking this Court to order his release. ECF No. 1 at 17.

On January 4, 2017, Petitioner filed a request with the Immigration Court for a custody redetermination. See ECF No. 12-1 at 4. The parties filed position statements with the Immigration Court on January 19, 2017, and the IJ issued her decision on January 20, 2017, finding that Petitioner's case was "not ripe for a custody determination" because Petitioner has not been detained for at least six months. Id. at 5.

While Petitioner's request for a custody determination was proceeding through the Immigration Court, DHS issued its Decision to Continue Detention following its administrative review of Petitioner's custody status on January 18, 2017. See ECF No. 11-7. The Decision states that Petitioner is not being released because his removal has been delayed by his filings with the Ninth Circuit, he was previously convicted of DUI, which classified him as a priority for enforcement and a danger to the community, and the government is in possession of his travel documents. Id. The Decision also states that Petitioner's custody status "will be reviewed annually" with his next review date set for October 25, 2017. Id.

## DISCUSSION

Pursuant to 28 U.S.C. § 2241, the district court may

grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." Demore v. Kim, 538 U.S. 510, 523 (2003) (citations omitted). "Even where detention is permissible, however, due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" Casas-Castrillon v. DHS, 535 F.3d 942, 950 (9th Cir. 2008) (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001)). As detailed below, the Court finds that Petitioner was properly detained under 8 U.S.C. § 1231(a), Petitioner's continued detention is presumptively reasonable at this time, the Court lacks jurisdiction to review the government's administrative determination to continue Petitioner's detention, and, to the extent Petitioner is requesting that the Court review the Immigration Court's denial of his request for redetermination of custody, Petitioner has failed to exhaust his administrative remedies. Accordingly, the Court RECOMMENDS that the habeas petition be DENIED.

**A. Petitioner Was Properly Detained Under 8 U.S.C. § 1231(a)(2).**

"The statutory scheme governing the detention of aliens

in removal proceedings is not static; rather, the Attorney General's authority over an alien's detention shifts as the alien moves through different phases of administrative and judicial review." Casas-Castrillon, 535 F.3d at 945.  Before removal proceedings are completed, the government has the discretionary authority to detain or release an alien under Section 1226(a). See 8 U.S.C. § 1226(a).[2]  After removal proceedings have been completed, the detention or release of an alien is governed by Section 1231(a), which requires detention during the 90-day "removal period."  See 8 U.S.C. § 1231(a)(1)-(2).  The removal period begins on the latest of:  (i) the date the order of removal becomes administratively final; (ii) the date of the court's final order if the removal order is judicially reviewed and if the court orders a stay of the removal; or (iii) the date the alien is released from detention or confinement, except under an immigration process.  8 U.S.C. § 1231(a)(1)(B).  Here, the Court finds that Petitioner's 90-day removal period began on

---

[2] Section 1226(a) states in relevant part:
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
    (1) may continue to detain the arrested alien; and
    (2) may release the alien on—
        (A) bond . . . ; or
        (B) conditional parole . . . .
8 U.S.C. § 1226(a).

September 22, 2016, and expired on December 21, 2016.

Petitioner argues that his removal period under Section 1231(a) has not yet begun because he has a second petition pending before the Ninth Circuit and the Ninth Circuit has ordered a temporary stay. See ECF No. 1. Petitioner's argument lacks merit based controlling Ninth Circuit case law. Petitioner's removal period began when the Ninth Circuit issued its mandate following its denial of Petitioner's first petition. The removal period begins when there is a "final order" of removal following judicial review and any court ordered stay. See 8 U.S.C. § 1231(A)(1)(B)(ii). Here, Petitioner's removal order is final and no longer subject to judicial review. As noted above, Petitioner sought judicial review of his removal order when he filed his first petition for review with the Ninth Circuit following his appeal to the BIA. See Escobar v. Lynch, 648 F. App'x 744 (9th Cir. 2016). A stay of removal was ordered until the appeal was resolved. See Escobar v. Lynch, No. 14-72402, Docket No. 8 (9th Cir. Aug. 29, 2014). The Ninth Circuit's decision denying the petition for review became final on the day the mandate was issued, September 22, 2016. ECF No. 11-4, Mandate, Escobar v. Lynch, No. 14-72402 (9th Cir. Sept. 22, 2016). Accordingly, Petitioner's "removal period" also began on that date -- September 22, 2016. See 8 U.S.C. § 1231(a)(1)(B)(ii).

Although Petitioner has a second petition for review currently pending in the Ninth Circuit and a temporary stay of removal has been entered, that petition is <u>not</u> seeking review of the "removal order."  The petition currently pending before the Ninth Circuit is Petitioner's challenge to the BIA's decision denying his second motion to reopen proceedings.  <u>Escobar v. Lynch</u>, No. 16-73904, Docket No. 1 (9th Cir. Dec. 14, 2016).  It is not a challenge to Petitioner's removal order.  The Ninth Circuit has held that collateral challenges that seek review of a denial of a motion to reopen, rather than the removal order itself, do not operate to delay the beginning of the removal period under Section 1231(a).  <u>Diouf v. Mukasey</u>, 542 F.3d 1222, 1230 (9th Cir. 2008) (citing  <u>Prieto-Romero v. Clark</u>, 534 F.3d 1053, 1060 n.6 (9th Cir. 2008) ("entry of a stay of removal for any . . . reason [other than review of a removal order] – for example, a stay entered while a court reviews an alien's § 2241 habeas petition or *petition for review of the BIA's denial of a motion to reopen* – does not prevent the removal period from beginning.") (emphasis added)).  Accordingly, the temporary stay ordered by the Ninth Circuit in connection with the petition seeking review of the BIA's decision to deny Petitioner's second motion to reopen did not prevent the removal period from beginning.  Petitioner's 90-day removal period began on September 22, 2016, and expired on December 21, 2016.  As noted above,

Petitioner was detained on October 26, 2016, within the period of mandatory detention under Section 1231(a)(2). See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Likewise, Petitioner's detention remained mandatory throughout the period of removal, until December 21, 2016. At that time, the statutory basis for Petitioner's detention shifted from Section 1231(a)(2) to Section 1231(a)(6). See Diouf, 542 F.3d at 1231. Accordingly, the Court FINDS and RECOMMENDS that the district court DENY the Petition on this basis.

**B. Petitioner's Continued Detention Under 8 U.S.C. § 1231(a)(6) is Presumptively Reasonable for Six Months.**

After the 90-day removal period expires, the government may continue to detain an alien pursuant to Section 1231(a)(6). 8 U.S.C. § 1231(a)(6). Section 1231(a)(6) authorizes continued detention "beyond the removal period" of an alien "who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); see also Diouf v. Napolitano, 634 F.3d 1081, 1085 (9th Cir. 2011) ("Diouf II") (holding that Section 1231(a)(6) applies to aliens "whose collateral challenge to [the] removal order (a motion to reopen) is pending in the court of appeals . . . who, for one reason or another, have not yet been removed from the United States."). However, Section 1231(a)(6) does not

allow "indefinite detention."  See Zadvydas v. Davis, 533 U.S. 678, 689-90 (2001).  Instead, detention under this section remains presumptively valid for a period of six months.  Id. at 701.

Here, Petitioner has been detained for approximately three and a half months.  As detailed above, DHS reviewed Petitioner's custody status on January 18, 2017, approximately 84 days after Petitioner was detained, and determined that Petitioner will remain in custody because, among other reasons, he was a danger to the community.  See ECF No. 11-7.  The Ninth Circuit has held that DHS's initial custody review at or near the conclusion of the 90-day removal period does not raise serious constitutional concerns.  Diouf II, 634 F.3d 1091.  However, if the alien is to be detained more than 180 days, the Ninth Circuit requires a bond hearing before an immigration judge as a "basic safeguard" against unconstitutionally prolonged detention.  Id. at 1092.  At that hearing, the alien "is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."  Id.  Because Petitioner has not been detained for more than 180 days, he is not yet entitled to a bond hearing before an immigration judge and his continued detention is presumptively valid at this time.  See Diouf II, 634 F.3d 1091; Zadvydas, 533 U.S. at 701.  Accordingly, the Court FINDS and RECOMMENDS that the district

court DENY the Petition on this basis.

**C. The Court Lacks Jurisdiction to Review DHS's Determination to Continue Petitioner's Detention.**

In his Reply, Petitioner challenges DHS's decision to continue his detention on January 18, 2017, arguing that the government failed to consider the required factors to justify detention. See ECF No. 12 at 8-17. As noted above, Petitioner is being detained pursuant to Section 1231(a)(6), which grants the government discretion to detain aliens beyond the 90-day removal period. See 8 U.S.C. 1231)(a)(6); Diouf II, 634 F.3d at 1085 ("If the alien is not removed during the removal period, continued detention is authorized, in the discretion of the Attorney General, by § 1231(a)(6)."). Pursuant to Section 1252, the Court lacks jurisdiction to review DHS's discretionary decision to continue Petitioner's detention. See 8 U.S.C. § 1252(a)(2)(B)(ii) ("no court shall have jurisdiction to review . . . (ii) any other decision or action of the [government] the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security"). Accordingly, the Court FINDS and RECOMMENDS that the district court DENY the Petition on this basis.

**D. To the Extent Petitioner Is Requesting Review of the Immigration Court's Denial of His Request for Redetermination**

**of Custody, Petitioner Has Failed to Exhaust His Administrative Remedies**.

Although not entirely clear from Petitioner's Reply, it appears that he is also challenging the Immigration Judge's determination to deny Petitioner a bond hearing on January 20, 2017.  See ECF No. 12 at 2-4 (arguing that the bond hearing was requested without the consent of counsel and that the IJ failed to consider all of the relevant information).  "On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011).  When determining whether to require prudential exhaustion, courts consider whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)).  However, waiver of exhaustion may be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994,

13

1000 (9th Cir. 2004) (quoting S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981)). When a petitioner fails to exhaust prudentially required administrative remedies and exhaustion is not waived, "a district court should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011).

Here, Petitioner did not appeal the IJ's bond determination to the BIA; accordingly, he has not exhausted his administrative remedies. See 8 C.F.R. § 236.1(d)(providing that appeals relating to IJ bond determinations may be filed with the BIA). The Court finds that the factors articulated above weigh in favor of prudential exhaustion and none of the reasons to waive exhaustion are present. Accordingly, Petitioner is required to exhaust his administrative remedies before seeking habeas relief in the district court, and the Court FINDS and RECOMMENDS that the district court dismiss the Petition without prejudice on this basis. See Leonardo, 646 F.3d at 1160.

## CONCLUSION

This Court FINDS that Petitioner was properly detained under 8 U.S.C. § 1231(a), Petitioner's continued detention is presumptively reasonable at this time, the Court lacks jurisdiction to review the government's administrative determination to continue Petitioner's detention, and, to the

14

extent Petitioner is requesting that the Court review the Immigration Court's denial of his request for redetermination of custody, Petitioner has failed to exhaust his administrative remedies. Accordingly, the Court RECOMMENDS that Petitioner Jose Jacobo Escobar's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 8, 2017.



Richard L. Puglisi
United States Magistrate Judge

**ESCOBAR V. LYNCH, CIVIL NO. 16-00683 LEK-RLP; FINDINGS AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**