IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSE JACOBO ESCOBAR,<br><br>      Plaintiff,<br><br>  vs.<br><br>LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL; MICHAEL SAMANIEGO, DISTRICT DIRECTOR, DHS-ICE; WILLIAM LOTHROP, WARDEN, HONOLULU FEDERAL DETENTION CENTER,<br><br>      Defendants. | CIVIL 16-00683 LEK-RLP |

**ORDER DENYING PETITIONER'S OBJECTIONS TO
THE MAGISTRATE'S FINDINGS AND RECOMMENDATION TO
DENY PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 FILED ON FEBRUARY 8, 2017**

On February 8, 2017, the magistrate judge filed his Findings and Recommendation to Deny Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("F&R"). [Dkt. no. 14.] On February 13, 2017, Petitioner Jose Jacobo Escobar ("Petitioner") filed his Objections to the Magistrate's Findings and Recommendation to Deny Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Filed on February 8, 2017 ("Petitioner's Objections"). [Dkt. no. 15.] Respondents Loretta E. Lynch, United States Attorney General, Michael Samaniego, District Director, United States Department of Homeland Security ("DHS") – Immigration and Customs Enforcement ("ICE"), and William Lothrop, Warden, Honolulu Federal Detention

Center (collectively "the Government") did not file a memorandum in opposition. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). However, at the request of Petitioner, the court held a status conference on this matter on March 17, 2017. [Dkt. no. 20.] In an Entering Order filed on March 29, 2017 ("3/29/17 EO"), the Court denied Petitioner's Objections and adopted the F&R. [Dkt. no. 21.] The instant Order supersedes the 3/29/17 EO. After careful consideration of the objections, supporting memorandum, and the relevant legal authority, Petitioner's Objections are HEREBY DENIED and the F&R is HEREBY ADOPTED for the reasons set forth below.

## BACKGROUND

A detailed background of this matter is available in the F&R, and the Court will only repeat those facts relevant here. On December 30, 2016, Petitioner filed his Petition for a Writ of Habeas Corpus Pursuant to 8 U.S.C. § 2241 ("Petition").[1] [Dkt. no. 1.] The Government filed a memorandum in opposition on January 27, 2017, and Petitioner filed a reply on January 31, 2017. [Dkt. nos. 11, 12.] Petitioner challenges his continued

---

[1] While the Petition states that it is brought pursuant to 8 U.S.C. § 2241, it is clear to the Court that this was a typograhical error – writs of habeas corpus are actionable pursuant to 28 U.S.C. § 2241. This is further evinced by Petitioner's Objections, which correctly cites the statute.

detention without a bond hearing, and also states that the Immigration Court and the Ninth Circuit Court of Appeals misapplied the law. [Petitioner's Objections at 2-3.]

**STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

PJY Enters., LLC v. Kaneshiro, Civil No. 12-00577 LEK-KSC, 2014 WL 3778554, at *2 (D. Hawai`i July 31, 2014) (alteration in PJY) (citation omitted).

**DISCUSSION**

Petitioner objects to the magistrate judge's findings that: (1) this Court lacks jurisdiction to consider the Petition; (2) Petitioner is not entitled to a bond hearing until after he is detained for 180 days; (3) Petitioner failed to exhaust his administrative remedies; and (4) Petitioner's removal order is final. [Petitioner's Objections at 2.] The Court will consider each of these in turn.

## I. The Court's Jurisdiction

Petitioner argues that "this Court has jurisdiction over [a petition for] a writ of habeas corpus whenever there is a constitutional challenge to prolonged incarceration or where the prolonged detention is based on a violation or misapplication of the law." [Petitioner's Objections at 3 (citation omitted).] The magistrate judge concluded that this Court does not have jurisdiction to review DHS's decision to detain Petitioner after the expiration of his removal period. [F&R at 12.]

The Petition is brought pursuant to 28 U.S.C. § 2241, which states in relevant part, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Further, it is undisputed that Petitioner is being detained pursuant to 8 U.S.C. § 1231(a)(6), which allows the Government to, *inter alia*, detain

an alien beyond the removal period if it is determined that the person would "be a risk to the community or unlikely to comply with the order of removal."  8 U.S.C. § 1252(a)(2)(B) states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –
>
> . . . .
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specific under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.[2]

Thus, because § 1231(a)(6) grants the Government discretion to detain an alien beyond the removal period and § 1252(a)(2)(B) divests this Court and others from reviewing this very type of discretionary action, the magistrate judge was correct in denying the Petition on this basis.  The Court therefore DENIES

---

[2] Subsection (D) states, in relevant part, that, "[n]othing in subparagraph (B) or (C) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  8 U.S.C. § 1252(a)(2)(D).  28 U.S.C. §1361 concerns the districts courts' right to consider a mandamus action against a government officer, employee, or agency, and § 1651 gives authority to all courts "established by Act of Congress" to issue writs.  Finally, 8 U.S.C. § 1158 governs applications for asylum.

Petitioner's Objections related to this Court's jurisdiction to review the Government's discretionary actions.[3]

## II. **The Right to a Bond Hearing**

Petitioner contends that the Government has already determined that it will continue to detain him and that "it would be a waste of the government's resources and irrational to have to wait for the six (6) months to elapse before he is afforded a bond hearing, when it is crystal clear that ICE has already made its decision to keep Petitioner in jail beyond the six month threshold." [Petitioner's Objections at 6-7.] The magistrate judge concluded that "[b]ecause Petitioner has not been detained for more than 180 days, he is not yet entitled to a bond hearing before an immigration judge and his continued detention is presumptively valid at this time." [F&R at 11 (citations omitted).]

In Diouf v. Napolitano, the Ninth Circuit explained that, "the DHS regulations providing for the initial, 90-day review do not raise serious constitutional concerns." 634 F.3d

---

[3] The Court notes that a vast majority of Petitioner's Objections appear to address the Government's discretionary authority to detain Petitioner. See Petitioner's Objections at 7-17 (arguing that the Government, inter alia: did not comply with relevant guidelines when determining whether to detain Petitioner; incorrectly classified Petitioner's prior conviction; and did not explain its determination that Petitioner is "dangerous."). The Court does not need to address these arguments in detail because it does not have jurisdiction to consider these issues.

1081, 1091 (9th Cir. 2011). Moreover, "[t]he 90-day review authorizes detention for only an additional 90 days, bringing the alien's period of detention (including the removal period) to 180 days." Id. Because of "the relatively limited period of detention involved," the Ninth Circuit held that "the process afforded by the DHS regulations is adequate."[4] Id. Petitioner cites no authority to support his position that he is entitled to a bond hearing prior to the expiration of 180 days.[5]

The Court also notes that, at the time the F&R was filed, Petitioner had only been detained for three and a half months. See F&R at 11. It has now been over 180 days since Petitioner was detained by the Government. However, Petitioner has not alerted the Court to the Government's failure to hold a

---

[4] Petitioner challenges his detention based, in part, on what he believes is a violation of his right to due process pursuant to the Fifth Amendment to the United States Constitution, [Petitioner's Objections at 10-13,] and because his detention amounts to double jeopardy [id. at 17]. First, "[b]ecause deportation proceedings are civil and not criminal in nature, they cannot form the basis for a double jeopardy claim." United States v. Yacoubian, 24 F.3d 1, 10 (9th Cir. 1994). Second, this Court has already explained that, in Diouf, the Ninth Circuit ruled that the 180-day detention policy was constitutionally sufficient.

[5] Petitioner does cite a footnote in Diouf, wherein the Ninth Circuit states, "DHS should be encouraged to afford an alien a hearing before an immigration judge **before** the 180-day threshold has been reached if it is practical to do so and it has already become clear that the alien is facing prolonged detention." 634 F.3d at 1092 n.13 (emphasis in Diouf). This suggestion, however, is not mandatory (although quite practical and humane) and does not overrule the Ninth Circuit's holding that a 180-day detention is presumptively reasonable.

7

bond hearing.  As such, this issue is not presently before the Court.  The Court therefore DENIES Petitioner's Objections regarding a hearing on Petitioner's continued detention.  This denial is without prejudice to Petitioner filing a motion identifying the Government's failure to comply with Diouf.

**III. Failure to Exhaust Administrative Remedies**

While it was unclear from the Petition, the magistrate judge believed that Petitioner may have been challenging the Immigration Judge's denial of a bond hearing in January 2017.  See F&R at 13.  Accordingly, the magistrate judge explained that Petitioner did not appeal this decision to the Board of Immigration Appeals ("BIA"), and therefore did not exhaust his administrative remedies.  [Id. at 14.]  In addition, the magistrate judge correctly noted that, under 28 U.S.C. § 2241, exhaustion is a prudential requirement.  After weighing the relevant factors, the magistrate judge found that there was no reason to waive exhaustion in the instant matter.  [Id. at 13-14.]  Petitioner's Objections reiterate that:  (1) Petitioner has a right to a bond hearing before the expiration of 180 days; and (2) the Government misapplied its own guidelines.  [Petitioner's Objections at 5.]  As such, Petitioner does not provide any argument challenging the magistrate judge's conclusions regarding prudential standing in this matter.  Further, the Court has already addressed Petitioner's arguments regarding a bond hearing

8

and the Government's discretion when it comes to detention. In short, Petitioner does not challenge the magistrate judge's determination on exhaustion, and his alternative arguments are unavailing. Petitioner's Objections regarding exhaustion of remedies are HEREBY DENIED.

**IV.  The Finality of the Removal Order**

Finally, Petitioner submits that the removal order at issue here is not final because of a pending appeal before the Ninth Circuit. See Petitioner's Objections at 3. Petitioner provides only a one-sentence argument for his position on this matter. The magistrate judge explained that:

> Petitioner filed a new petition for review with the Ninth Circuit on December 14, 2016, challenging the BIA's decision denying his second motion to reopen proceedings. Escobar v. Lynch, No. 16-73904, Docket No. 1 (9th Cir. Dec. 14, 2016). Petitioner also filed with the Ninth Circuit another motion to stay his removal. Escobar v. Lynch, No. 16-73904, Docket No. 4 (9th Cir. Dec. 15, 2016). By operation of Ninth Circuit General Order 6.4(c)(1)(3), a temporary stay or removal is in effect pending further order of the Ninth Circuit. Escobar v. Lynch, No. 16-73904, Docket No. 7 (9th Cir. Dec. 16, 2016). The government's response to Petitioner's motion to stay removal is due on March 10, 2017. Id. This petition for review, and briefing on the stay motion, remains ongoing. Id.

[F&R at 4.] Federal law provides that a removal order is final when there is "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the

9

Board of Immigration Appeals," whichever comes first.  See 8 U.S.C. § 1101(a)(47)(B)(i)-(ii).  Here, the BIA affirmed the Immigration Judge's order of removal on July 22, 2014.  [Mem. in Opp., Exh. 2 (BIA's decision dismissing Petitioner's appeal of the Immigration Judge's July 2012 decision).]  In addition, there is a well-recognized distinction between a direct review of a removal order and a collateral review of such an order.  See, e.g., Diouf, 634 F.3d at 1085-86 (extending the procedural safeguards afforded to an alien subject to prolonged detention while seeking direct review of any administrative determination of removal, pursuant to 8 U.S.C. § 1226(a), to aliens subject to prolonged detention while seeking collateral review of their removal proceedings, pursuant to § 1231(a)(6)).  Moreover, in Diouf, the Ninth Circuit expressly stated that the petitioner in that case, who had a motion to reopen pending in the court of appeals, had an outstanding "collateral challenge to his removal order."  634 F.3d at 1085.  In short, Petitioner's collateral challenge to try to reopen the removal proceedings does not mean that his removal order is not final.  Petitioner's objection to the magistrate judge's determination of the finality of his removal order is HEREBY DENIED.

Finally, Petitioner, understandably, must feel such dismay over his continued detention.  The Court recognizes the harm inflicted upon his family and business because of it.

Denial of Petitioner's Objections is not done lightly or without recognition of his and his family's torment throughout this ordeal.

## **CONCLUSION**

On the basis of the foregoing, Jose Jacobo Escobar's, Objections to the Magistrate's Findings and Recommendation to Deny Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Filed on February 8, 2017, filed on February 13, 2017, is HEREBY DENIED and the magistrate judge's F&R is HEREBY ADOPTED. There being no remaining claims in the instant matter, the Clerk's Office is directed to enter judgment and close this case on **June 21, 2017**, unless Petitioner files a motion for reconsideration of this Order by **June 19, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 31, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSE JACOBO ESCOBAR VS. LORETTA E. LYNCH, ETC., ET AL; CIVIL 16-00683 LEK-RLP; ORDER DENYING PETITIONER'S OBJECTIONS TO THE MAGISTRATE'S FINDINGS AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 27 U.S.C. § 2241 FILED ON FEBRUARY 8, 2007**